UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA          :

    -v.-                          :
                              S1 08 Cr. 709 (DLC)
HECTOR MELO,                      :

           Defendant.         :

- - - - - - - - - - - - - - - - x


**GOVERNMENT'S SENTENCING MEMORANDUM**


LEV L. DASSIN
Acting United States Attorney for
the Southern District of New York


TODD BLANCHE
Assistant United States Attorney

    - *Of Counsel* -



U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 30, 2009

**BY HAND AND ECF**

The Honorable Denise L. Cote
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 1040
New York, New York 10007

> Re: **United States v. Hector Melo,**
> **S1 08 Cr. 709 (DLC)**

Dear Judge Cote:

The Government respectfully submits this letter in advance of the defendant's sentencing scheduled for February 6, 2009, at 2:00 p.m., and in response to the defendant's January 26, 2009 letter ("Def. Ltr."). For the reasons that follow, the Government agrees with the Probation Office that a sentence within the applicable Guidelines range of 46 to 57 months' imprisonment is appropriate and reasonable in this case.

### Procedural History

Indictment 08 Cr. 709 (DLC) charged the defendant Hector Melo and one other co-conspirator in one count, namely, that, between November 2007 to June 2008, Melo was involved in a conspiracy to distribute and possess with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A), and 846. (PSR ¶¶ 7-8).

On October 21, 2008, the defendant appeared before Your Honor and pled guilty to the above charges pursuant to a plea agreement. The parties stipulated to a Guidelines Range of 46 to 57 months' imprisonment. (PSR ¶ 12). The Presentence investigation (the "PSR") Guidelines calculations were the same as those agreed to by the parties in the plea agreement – Total Offense Level 23, Criminal History Category I. (PSR ¶¶ 38, 41, 93).

Hon. Denise L. Cote
January 30, 2009
Page 2

## Discussion

The Government respectfully recommends that a Guidelines sentence (within the 46 - 57 months range) is appropriate and reasonable in this case.  The defendant has failed to identify any circumstances that uniquely distinguish him from the typical defendant or otherwise justify a below-Guidelines sentence.

## A.    The Guidelines Provide A Benchmark In Determining The Appropriate Sentence

The Guidelines still provide strong guidance to the Court in light of *United States* v. *Booker*, 543 U.S. 220 (2005) and *United States* v. *Crosby*, 397 F.3d 103 (2d Cir. 2005).  Although *Booker* held that the Guidelines are no longer mandatory, it held also that the Guidelines remain in place and that district courts must "consult" the Guidelines and "take them into account" when sentencing.  543 U.S. at 264.  As the Supreme Court recently stated, "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range" — that "should be the starting point and the initial benchmark."  *Gall* v. *United States*, 128 S. Ct. 586, 596 (2007).

After that calculation, however, a sentencing judge must consider seven factors outlined in Title 18, United States Code, Section 3553(a): "the nature and circumstances of the offense and the history and characteristics of the defendant" (§ 3553(a)(1)); the four legitimate purposes of sentencing (§ 3553(a)(2)); "the kinds of sentences available" (§ 3553(a)(3)); the Guidelines range itself (§ 3553(a)(4)); any relevant policy statement by the Sentencing Commission (§ 3553(a)(5)); "the need to avoid unwarranted sentence disparities among defendants" (§ 3553(a)(6)); and "the need to provide restitution to any victims" (§ 3553(a)(7)).  *Gall* v. *United States*, 128 S. Ct. at 596-97.

In determining the appropriate sentence, the statute directs judges to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing, which are:

> (A)   to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

> (B)   to afford adequate deterrence to

Hon. Denise L. Cote
January 30, 2009
Page 3

>           criminal conduct;
>
>           (C)  to protect the public from further
>           crimes of the defendant; and
>
>           (D)  to provide the defendant with needed
>           educational or vocational training, medical
>           care, or other correctional treatment in the
>           most effective manner.

18 U.S.C. § 3553(a)(2).

          Courts may not presume that the appropriate sentence
necessarily lies within the Guidelines range, but "the fact that
§ 3553(a) explicitly directs sentencing courts to consider the
Guidelines supports the premise that district courts must begin
their analysis with the Guidelines and remain cognizant of them
throughout the sentencing process." *Gall*, 128 S. Ct. at 596-97 &
n.6  Their relevance throughout the sentencing process stems in
part from the fact that, while the Guidelines are advisory, "the
sentencing statutes envision both the sentencing judge and the
Commission as carrying out the same basic § 3553(a) objectives,"
*Rita* v. *United States*, 127 S. Ct. 2456, 2463 (2007), and the
Guidelines are "the product of careful study based on extensive
empirical evidence derived from the review of thousands of
individual sentencing decisions," *Gall*, 2007 WL 4292116, at *6;
*see also Rita* v. *United States*, 127 S. Ct. at 2464.  To the
extent a sentencing court varies from the Guidelines sentence,
"[it] must consider the extent of the deviation and ensure that
the justification is sufficiently compelling to support the
degree of the variance." *Gall*, 128 S. Ct. at 597.

          One of the important reasons why the Guidelines should
be given substantial weight is that they represent the reasoned
judgment of the United States Sentencing Commission. *See United
States* v. *Rattoballi*, 452 F.3d 127, 133 (2d Cir. 2006).  The
Sentencing Commission is a body of experts whose statutory
mission is to apply "research, experience, and analysis" to
promulgate guidelines that will "further the basic purposes of
criminal punishment: deterrence, incapacitation, just punishment,
and rehabilitation." U.S.S.G. Ch. 1, Pt. A, § 2.  Because these
basic purposes of criminal punishment — which essentially mirror
the purposes that this Court must consider pursuant to Section
3553(a)(2) — are inherently abstract, it is difficult to
overstate the value of the perspective of a national commission
whose charter is to collect and analyze data on sentences imposed
throughout the nation.  Absent the national perspective they

Hon. Denise L. Cote
January 30, 2009
Page 4

provide, it is hard to imagine how the sentencing factor
identified in Section 3553(a)(6) — namely, "the need to avoid
unwarranted disparities among defendants with similar records who
have been found guilty of similar conduct" — could be
meaningfully considered at all.

## A.    The Court Should Strongly Consider a Guidelines Sentence in This Case

            Here, the Probation Department has recommended a
specific sentence of 46 months' imprisonment.   The defendant
argues for a non-Guidelines sentence below the range of 46 to 57
months.   (Def. Ltr. at 9).   The Court should impose a Guidelines
sentence.

            The defendant identifies several factors that he
contends counsel for a non-guidelines sentence, including, among
others, his role in the offense, the "crack" disparity compared
to other narcotics, and his certain deportation following his
sentence.   Each of these factors, according to the defendant,
favor a sentence below the Guidelines Range of 46 to 57 months'
imprisonment.   The Government submits, however, that none of
these factors warrant a non-guidelines sentence.

            First, the defendant's background and role in the
instant offense is already taken into account when the parties,
and the PSR investigation, determined his Guidelines Range.
Indeed, the defendant qualifies for safety valve relief, and has
received a 2 point reduction in his guidelines range as a result
of, among other things, his lack of criminal history.   Further,
the defendant received a 2 point reduction in his sentence based
upon his minor role in the offense.   The severity of the
Guidelines is not a reflection of the defendant's criminal
history, or lack thereof, it is a reflection of the seriousness
of the offense.

            Second, the purported disparity between "crack" and
powder cocaine is not a basis for a non-Guidelines sentence in
this case.   The defendant had conversations prior to selling the
crack cocaine, the defendant arranged for the sale of crack
cocaine to the confidential informant, and was present when the
transaction occurred. The defendant knew the transaction involved
"crack" cocaine, and must now stand before the Court and face the
consequences.

            Finally, the fact that the conviction in this case will
result in the deportation of the defendant is not a basis for a

Hon. Denise L. Cote
January 30, 2009
Page 5

below Guidelines sentence.  Were that the case, then every drug
defendant who was subject to deportation would qualify for a
reduction in their sentence based upon the unfortunate
consequences of a non-citizen who is convicted of a federal
narcotics crime.

      For all of these reasons, the Government contends that
a Guidelines sentence is appropriate and reasonable in this case.

### Conclusion

      For the foregoing reasons, the Government respectfully
submits that the defendant should be sentenced within the
Guidelines range of 46 to 57 months' imprisonment.

Respectfully submitted,

LEV L. DASSIN
Acting United States Attorney

By: _____
Todd Blanche
Assistant United States Attorney
Tel.: (212) 637-2494
Fax.: (212) 637-0084

cc:  Melinda Sarafa, Esq.