1

```
    926enuns
1   UNITED STATES DISTRICT COURT
1   SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x
2
3   UNITED STATES OF AMERICA,              New York, N.Y.
3
4              v.                          08 CR 709(DLC)
4
5   MARTIN SMELING NUNEZ, a/k/a
5   "Chicho",
6
6                   Defendant.
7
7   ------------------------------x
8
8
9                                          February 6, 2009
9                                          2:30 p.m.
10
10
11  Before:
11
12                  HON. DENISE L. COTE,
12
13                                         District Judge
13
14
14                       APPEARANCES
15
15  LEV DASSIN
16       United States Attorney for the
16       Southern District of New York
17  BY:  TODD BLANCHE
17       Assistant United States Attorney
18
18  JOHN J. GARZON
19       Attorney for Defendant
19
20
21
22
23
24
25
                    SOUTHERN DISTRICT REPORTERS, P.C.
                            (212) 805-0300
```

2
```
                926enuns
      1             (In open court)
      2             (Case called)
      3             THE DEPUTY CLERK:  Is the government ready to
proceed?
      4             MR. BLANCHE:  Yes.  Good afternoon, your Honor.
Todd
      5  Blanche for the government.
      6             THE DEPUTY CLERK:  Defendant Nunez, are you ready
to
      7  proceed?
      8             MR. GARZON:  Yes, your Honor.  John Garzon here
for
      9  Mr. Nunez.
     10             THE COURT:  Mr. Garzon, have you and your client
     11  reviewed the presentence report?
     12             MR. GARZON:  Yes, we have, your Honor.
     13             THE COURT:  Have you discussed it with each
other?
     14             MR. GARZON:  We have, your Honor.
     15             THE COURT:  Any objections to it?
     16             MR. GARZON:  We have no objections to the report,
your
     17  Honor.
     18             THE COURT:  Thank you.  The presentence report
will be
     19  made part of the record in this case and placed under
seal.  If
     20  an appeal is taken, counsel on appeal may have access to
the
     21  sealed report without further application to this Court.
     22             This is a case in which there is a guideline,
     23  stipulation with an offense level 25 and a criminal
history
     24  category I.  There is also a mandatory minimum term of
     25  imprisonment of 120 months that applies.  Therefore, the
```

3
```
            926enuns
     1    guidelines stipulation assumes that the defendant will be able
     2    to qualify for the safety valve provision of the law.  Let me
     3    make that inquiry now..
     4              There's agreement that the defendant is in criminal
     5    history category I.  Does the government have information that
     6    the defendant used violence or credible threats of violence or
     7    possessed a firearm or other dangerous weapon or induced
     8    another person to do so in connection with the offense?
     9              MR. BLANCHE:  No, your Honor.
    10              THE COURT:  Did the offense result in death or serious
    11    bodily injury to any person?
    12              MR. BLANCHE:  No, your Honor.
    13              THE COURT:  Was the defendant an organizer, leader,
    14    manager or supervisor of others in the offense, or engaged in a
    15    continuing criminal enterprise?
    16              MR. BLANCHE:  No, your Honor.
    17              THE COURT:  Did the defendant truthfully provide to
    18    the government all information and evidence that it has
    19    concerning the offense or offenses that were part of the same
    20    course of conduct or common scheme or plan with the offense of
    21    conviction?
    22              MR. BLANCHE:  Yes.
    23              THE COURT:  Thank you.  I find that the defendant does
    24    qualify for the safety valve provision of the law.
    25              The presentence report also concluded that offense
```

4

926enuns

1   level 25 applied in criminal history category I. I've reviewed
2   the report carefully, the parties' submissions, and I adopt
3   that determination as my own.
4           I have a submission from the government, a sentencing
5   memorandum dated January 30th. Did the government file that
6   with the Clerk of the Court?
7           MR. BLANCHE: Yes, your Honor.
8           THE COURT: Thank you.
9           I received at midday today a submission from
10  Mr. Garzon with letters of reference and other documents for
11  the defendant. Mr. Garzon, have you filed your submission with
12  the Clerk of the Court?
13          MR. GARZON: No, your Honor. I did submit a copy to
14  Mr. Blanche this afternoon as well, and just a copy that I
15  submitted to your clerk at midday today, your Honor. I have
16  not filed an ECF yet or with the general clerk of the Court,
17  your Honor.
18          THE COURT: Do you need another copy of the procedures
19  for doing that?
20          MR. GARZON: Judge, I did have some problem filing it
21  earlier this week with my ECF in the office.
22          THE COURT: We'll give you another copy of the set of
23  procedures you're to follow.
24          MR. GARZON: Thank you, your Honor.
25          THE COURT: And I want you to make sure this is filed

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

5
```
                926enuns
    1       by Monday.
    2                MR. GARZON:  Yes, I will, your Honor.
    3                THE COURT:  Thank you.  I'll hear from the government.
    4                MR. BLANCHE:  Your Honor, the government has nothing
    5       to add beyond its letter of last week, unless your Honor has
    6       any questions.
    7                THE COURT:  Thank you.
    8                Mr. Garzon?
    9                MR. GARZON:  Thank you, your Honor.
    10               Your Honor, I am asking the Court to consider a
    11      sentence below the recommended guideline range, Judge.  We have
    12      no objections to the information contained in the presentence
    13      investigation, Judge.  However, I've reviewed the report and
    14      the addendum as well, and I understand, Judge, that the
    15      probation department recommends a sentence of 57 months, that
    16      being the low guideline range, based on the offense level of
    17      25, your Honor.  We concur with that offense level, your Honor.
    18               I would ask the Court, though, however, your Honor, to
    19      consider a sentence of a lesser range for Mr. Nunez, Judge,
    20      based on the personal circumstances related to the case itself
    21      and relating to Mr. Nunez's personal circumstances as well,
    22      Judge.  If I could just point those out to the Court, your
    23      Honor.  It's indicated in the probation report, your Honor,
    24      with regard to the information surrounding Mr. Nunez's
    25      involvement in this particular matter, more importantly, Judge,
```

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

6

926enuns

1    that being Mr. Nunez is a criminal history category I.
2             Judge, as the report reflects, he has really never had
3    any contact in this kind of conduct.  He had one minor
4    situation, Judge, that resulted in dismissal for having
5    improper plates on his vehicle, Judge, but certainly never any
6    kind of conduct relating to controlled substances, whether that
7    be personal use or certainly not trafficking controlled
8    substances, Judge.  The report reflects, Judge, Mr. Nunez was
9    not a user of controlled substances, Judge.
10            But I would just suggest to the Court, Judge, that
11   it's consistent with the information provided by the agents
12   that conducted this investigation, your Honor, that he was
13   approached by someone that was a cooperating witness, your
14   Honor, and that he agreed knowingly and willfully, Judge, to
15   participate in these two transactions that he is charged with
16   here, your Honor.
17            I would just ask the Court to consider the fact that
18   Mr. Nunez is not alleged to be, Judge, a person who is
19   previously known to be a drug trafficker or someone that had
20   been -- has a record of engaging in this type of conduct,
21   Judge.  In the government's memorandum, Judge, it does state
22   that their position is not that this would have been a
23   transaction or an incident where it could be considered an
24   aberrant incident to Mr. Nunez.  However, Judge, I would
25   suggest to the Court that based on the lack of any prior

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

7

926enuns

1    criminal conduct, Judge, it seems consistent with Mr. Nunez
2    participating in this particular incident, Judge, at the
3    inducement perhaps of the cooperating witness; although he
4    admits and takes responsibility, Judge, for having agreed to
5    having been the person to supply the cooperating witness with
6    the heroin and subsequently, Judge, with the cocaine, with the
7    crack cocaine that was the subject of the criminal conduct,
8    your Honor.
9           THE COURT:  I want to make sure I understand you,
10   Mr. Garzon.  Are you saying that the only drug sales that your
11   client ever participated in are the sales of 35 grams of heroin
12   to -- in connection with that confidential informant, 70 grams
13   of heroin in connection with that same person and then the
14   purchase of the crack cocaine?  Are you saying that's it?
15          MR. GARZON:  Judge, I'm not representing to the Court
16   that I would have any information as to whether those were the
17   only transactions that Mr. Nunez was ever involved with.  What
18   I'm suggesting to the Court, your Honor, is that the lack of
19   any prior criminal history seems to indicate that Mr. Nunez,
20   this is the first time that he was ever involved in a criminal
21   case.  He has no prior history, Judge.
22          I would ask the Court to consider the fact that the
23   probation report confirms, your Honor, that Mr. Nunez, as far
24   as the investigation is concerned, has been a gainfully
25   employed person, your Honor.  He's lived with his family.  He

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

8

926enuns

1   supports three children, your Honor, right now that he recently
2   has; yes, a three-month old child, two other minor children,
3   your Honor.  He is not under any obligation for child support.
4   I would ask the Court to consider, Judge, these personal
5   circumstances which seem to indicate that Mr. Nunez certainly
6   is not a person that was engaged in any prior criminal history
7   or conduct that we know of, your Honor.
8           So I'm asking the Court to balance that, Judge, with
9   your Honor's decision as to what would be a reasonable sentence
10  pursuant to the 3553 factors, your Honor.  I understand that
11  the Court has to consider whatever it deems necessary in terms
12  of the actual offense conduct, your Honor, the need to protect
13  the community from any further criminal conduct of the
14  defendant.  And the reason that I'm pointing that out, your
15  Honor, is I believe it's consistent to say that Mr. Nunez has
16  not been a danger to the community, apart from this particular
17  case that we're aware of, Judge, than the conduct he engaged in
18  this particular case.  This is the argument I'm asking the
19  Court to consider, your Honor.
20          Again, your Honor, more importantly, I'd like to
21  emphasize to the Court his personal background, your Honor.
22  That is, the closeness that he has with his family, Judge, the
23  minor children that he is presently supporting.  The fact, your
24  Honor, that he has -- he is gainfully employed, it states here,
25  Judge, that they verified his employment, Judge, because he's a

9

926enuns

1  member of the carpenter's union, Judge.  So he does have,
2  Judge, certainly positive factors, your Honor, that the Court
3  could take into consideration in fashioning the sentence,
4  Judge.
5          I'd ask the Court to consider, Judge, a sentence below
6  the guideline range, for the factors which I just pointed out
7  to the Court.
8          THE COURT:  Thank you.
9          MR. GARZON:  That would be all.  Thank you, your
10 Honor.
11         THE COURT:  Mr. Nunez, I'll hear anything that you
12 have to say to me in connection with your sentence.
13         THE DEFENDANT:  Yes, your Honor.
14         I would like to say I'm sorry for the government of
15 the United States.  I'm sorry for my family, and I have three,
16 for the mistake I did.  I would like to say for you to be
17 concerned on your best for my -- for my sentencing.  So that
18 would be all, your Honor.  Thanks.
19         THE COURT:  Mr. Nunez, I do not believe that there is
20 any need to sentence you at any point higher than the low end
21 of the guidelines range here.  I've considered the
22 Section 3553(a) factors and find the sentence of 57 months'
23 imprisonment would be reasonable in the circumstances; that it
24 would provide sufficient punishment to you for your drug
25 dealing.  It would provide adequate general deterrence for

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

10

926enuns

1  others who might be tempted to pursue that kind of activity,
2  and it would send a clear message to you and provide sufficient
3  individual deterrence to convince you not to resume these
4  activities.
5      And I'm going to impose a term of supervised release
6  of five years to follow the term of imprisonment with the
7  following special conditions: That you report to the probation
8  office in the district to which you are released within 72
9  hours of release from custody; that you not commit another
10 federal, state or local crime; that you not illegally possess a
11 controlled substance; that you submit to the regular drug
12 testing program; that you are prohibited from possessing a
13 firearm or other dangerous weapon; that you cooperate in the
14 collection of DNA as directed by the probation officer; that
15 you comply with the standard conditions of supervised release;
16 that you submit to the regular program in terms of a reasonable
17 search by the probation officer; that you be supervised by the
18 district of your residence; and that you pay a special
19 assessment of $100. I decline to impose a fine, finding that
20 you would be unable to pay one, given your financial
21 circumstances.
22     Counsel, is there any legal reason not already argued
23 to me why I cannot impose the sentence I've described as
24 stated?
25     MR. BLANCHE: No, your Honor.

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

```
11
            926enuns
    1              MR. GARZON:  No, your Honor.
    2              THE COURT:  I order the sentence I have described on
    3     the record to be imposed as stated.
    4              I believe there's an underlying indictment.
    5              MR. BLANCHE:  Your Honor, the government moves to
    6     dismiss any open counts against the defendant now.
    7              THE COURT:  That application is granted.
    8              Mr. Nunez, I need to advise you of your right to
    9     appeal.  I know of no ground for an appeal.  You entered a plea
   10     of guilty here.  You signed a guideline stipulation waiving
   11     your right to appeal in certain respects, but nonetheless, I'm
   12     required to advise you of the following:  If you are unable to
   13     pay the cost of an appeal, you may apply for leave to appeal
   14     informa pauperis.  Any notice of appeal must be filed within
   15     ten days of the judgment of conviction.
   16              You may be seated.
   17              Mr. Garzon, did you have an application?
   18              MR. GARZON:  Judge, I would ask the Court to permit
   19     Mr. Nunez to remain at liberty as recommended by the probation
   20     report, Judge.  He is a good candidate for surrender, Judge,
   21     and I would ask the Court to schedule a date for his surrender,
   22     Judge.
   23              THE COURT:  I'm going to permit the defendant to
   24     surrender by March 20th at 2:00 p.m. with the marshals in this
   25     courthouse, if he has not already received notice as to his
```

                        SOUTHERN DISTRICT REPORTERS, P.C.
                                  (212) 805-0300

```
12
              926enuns
       1      designated facility and date of self surrender.  A failure
to
       2      surrender as required to serve this sentence could subject
the
       3      defendant to additional criminal penalties.
       4              Do you understand that, Mr. Nunez?
       5              THE DEFENDANT:  Yes, your Honor.
       6              THE COURT:  Counsel?
       7              MR. GARZON:  Thank you, your Honor.
       8              MR. BLANCHE:  Thank you, your Honor.
       9              THE COURT:  Thank you.
      10              (Adjourned)
      11
      12
      13
      14
      15
      16
      17
      18
      19
      20
      21
      22
      23
      24
      25
                              SOUTHERN DISTRICT REPORTERS, P.C.
                                       (212) 805-0300
```