UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF THE STATE OF NEW YORK

---

UNITED STATES OF AMERICA,
                 Plaintiff,

-against-

MARTIN SMELING NUNEZ,

                 Defendant.

**AFFIRMATION**

---

      **THOMAS D. BARRA, ESQ.**, an attorney duly admitted to practice law in the State of New York, affirms under penalty of perjury as follows:

1) I was the attorney of record for the Defendant, MARTIN SMELING NUNEZ, in the matter under case number 1:16-CV-03485-FB-VMS from October 17, 2017 until September 11, 2019. As such I am fully familiar with the facts of this case and make this Affirmation in support of the Mr. Nunez's motion to file a *writ of error coram nobis*;

2) I was approached by Mr. Nunez in 2017 after he received a notice of an impending default judgment motion by the plaintiff, the United States, for allegedly failing to answer a complaint seeking a denaturalization action against him;

3) Mr. Nunez was confused by the notice as his command of the English language was not very strong. However, he had consulted with some English-speaking friends and ascertained the seriousness

of his predicament;

4) On October 31, 2017, I filed an answer to the Plaintiff's complaint on behalf of Mr. Nunez;

5) Twenty days later, the attorney for the Plaintiff indicated that he would be filing a motion for judgment on the pleadings and a status conference was set for January 26, 2018 to discuss;

6) I had never represented anyone in a denaturalization action before. My practice has consisted mainly of immigration and New York State (not Federal) criminal proceedings;

7) I did a lot of research on federal motions for judgment on pleadings, so I felt I could at least represent Mr. Nunez through this stage of his proceedings. I was not charging him at full rate because he was a close friend of a very good friend of mine, and I knew he didn't have enough money to hire another lawyer immediately. And this needed to be handled immediately;

8) The motion and replies were submitted on July 12, 2018. The Court's decision denying the Plaintiff's motion was entered on or about March 21, 2019;

9) At this time I realized that another attorney was going to be necessary, because I was not knowledgeable enough to continue this representation. Furthermore, I was leaving private practice and entering the public sector of criminal law;

10) I could not withdraw as counsel until I found another attorney competent enough to take over the case, and Mr. Nunez

would have to be able to retain him;

11) A status conference was held in July, 2019 to set a further discovery schedule and ascertain if I was still representing Mr. Nunez. Unfortunately, I was caught up transitioning out of my private practice, including cancelling by business phone number and email, that I missed that date;

12) A new date was set for a conference in September, 2019, with notice to Mr. Nunez as well;

13) Finally, before the conference of September, 2019, Mr. Nunez was able to retain his new counsel, Mr. Edward Zaloba;

14) Until Mr. Zaloba mentioned it to me, I had never heard of a *writ of error coram nobis*;

15) It is precisely for this reason that I needed to withdraw from the instant matter. I was fearful that there would be some relief of which I was not aware that could benefit Mr. Nunez, and I might miss it;

16) As I proceeded with this case, it slowly became quite evident that Mr. Nunez had been the victim of ineffective assistance of counsel in his prior conviction. Unfortunately, I was unaware of the proper manner to address that with the Court;

Dated: October 17, 2019
       New York, NY

Respectfully,

_____
Thomas D. Barra